United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anyela Chirino, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-20988-Civ-Scola |
| | ) |
| Taco Bell of America, LLC, | ) |
| Defendant. | |

### **Order on the Plaintiff's Motion to Remand**

Now before the Court is the Plaintiff Anyela Chirino's motion to remand. For the reasons set forth below, the Court **grants** the Plaintiff's motion (**ECF No. 9**).

**1. Background**

The Plaintiff Anyela Chirino originally filed suit against the Defendant Taco Bell of America, LLC ("Taco Bell") for defamation in Miami-Dade County Circuit Court. (ECF No. 1-2 at 4.) On March 4, 2020, Taco Bell removed the case to this Court, alleging that the Court has diversity jurisdiction over this matter. (ECF No. 1 at 2.) Now Chirino moves for remand, arguing that the amount in controversy does not exceed $75,000.

Chirino was Taco Bell's employee. (ECF No. 1-2 at 5.) She had limited proficiency in the English language, but she operated the drive-thru window even though Taco Bell knew her English was less-than-perfect. (*Id.*) According to Chirino's complaint, on September 12, 2018, an English-speaking couple ordered from the drive-thru while Chirino was taking drive-thru orders. (*Id.*) When Chirino could not understand, the couple became agitated, yelled at her, and recorded her with their phones. (Id. at 5-6.) After the incident, the couple posted the video online and called Chirino a "racist." (*Id.* at 6.) A couple days later, Taco Bell made disparaging public statements to the Miami-Herald criticizing Chirino. (*Id.*) Taco Bell said that Chirino was "rude," "deserved to lose her job," and did not know why she "acted that way." (*Id.*) It also claimed that she "knew enough English to take orders." (*Id.* at 7.) As a result of Taco Bell's statements, Chirino "lost her job" and "was unable to secure any other employment or source of income for several months." (*Id.*)

**2. Legal Standard**

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question,

or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating Chirino's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

When a complaint does not include a specific claim for damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. Instead, "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To meet this burden, Taco Bell need only show that it is "more likely than not" that the amount in controversy requirements have been met. *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011). In evaluating whether the defendant has met this burden, the Court may consider information relating to the amount in controversy in the record of the state-court proceeding or in response to discovery. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (Moore, J.) ("The definition of "other paper" is broad and may include any formal or informal communication received by a defendant.").

### 3. Analysis

Chirino's unspecified demand for damages, in her complaint, requires Taco Bell to "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and alterations omitted). Taco Bell asserts that (1) jury verdicts in similar cases exceed $75,000, (2) Chirino's pre-suit demand letter for $100,000, and (3) Chirino's refusal to stipulate that the amount in controversy does not exceed $75,000 demonstrate that the amount in controversy exceeds $75,000. The Court disagrees.

First, Taco Bell points to two different defamation jury awards against employers who defamed their employees where the award exceeded $75,000. *See Bates v. St. Lucie County Sherriff's Office*, Case No. 02-CA-001129 (Fla. 19th Cir.

Ct. 2008) (Plaintiff obtained $300,000 for the Defendant's defamatory statements regarding the reason the Plaintiff left her employment); *Cameron v. Florida State Lodge Fr. Order of Police*, Case No. 05-15197 13 (Fla. 17th Cir. Ct. 2007) (Plaintiff obtained $300,000 in damages because the Defendant falsely accused the Plaintiff of fraud and misappropriating funds when terminating the Plaintiff). However, Chirino points to a couple other defamation jury awards where the award did not exceed $75,000. *See Toder v. Panovsky and Contour Nails by Panofsky*, Case No. 86-13549 CA, 1987 WL 284444 (Fla. Cir. Ct. 1987) (awarding $3,500 in compensatory damages and $3,500 in punitive damages for defamation when employer told coworkers that the plaintiff was ill with AIDS); *Moran v. Tucker*, Case No. 15-CA 003692 (Fla. 15th Cir. Ct. 2019) (awarding $10,000 for defamatory text messages). The Court cannot afford Taco Bell's cases any weight because all of the cases do not show that the amount in controversy more-likely-than-not exceeds $75,000.

Second, Taco Bell argues that Chirino's pre-suit demand letter from for $100,000 is evidence that the amount in controversy exceeds $75,000. Courts have held that a removing party may rely on a pre-suit demand to satisfy the jurisdictional amount if (1) "the document reflects an honest assessment of damages," and (2) the plaintiff "does not contest the veracity of the information contained in the document despite having an opportunity to do so." *Perez-Malo v. First Liberty Ins. Corp.*, 2017 WL 7731958, *3 (S.D. Fla. June 8, 2017) (Moore, J.). For example, the demand letter in *Perez-Malo* was prepared by the plaintiff's public adjuster and contained specific information to support his claim for damages, and the letter was not merely "puffing and posturing." *Id.* But where a pre-suit demand letter is "wholly uncorroborated," the letter is only "pre-suit posturing in the form of a settlement offer." *Garcia v. Scottsdale Ins. Co.*, 2018 WL 8334024, *2 (S.D. Fla. May 24, 2018) (Scola, J.). "And while a settlement offer certainly 'counts of something,' it by itself is not determinative." *Id.* (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1098 (11th Cir. 1994). Here, Chirino's pre-suit demand letter that was sent one year before filing suit offering to release her claims in exchange for $100,000 is wholly uncorroborated, and she provides no basis for that calculation. (ECF No. 11-2 at 7.) Therefore, the uncorroborated $100,000 demand weighs slightly in favor of denying remand, but it is not by itself determinative.

Finally, Taco Bell argues that Chirino's refusal to stipulate that the amount-in-controversy including attorney's fees is less than $75,000 demonstrates that the jurisdictional amount has been established. However, Chirino was willing to stipulate that the amount is less than $75,000, exclusive of attorney's fees. (ECF No. 9-4, 9-5.) Because attorney's fees are not included in the calculation of the jurisdictional amount for common law claims (such as the

common law defamation claims here), this evidence shows, if anything, that the amount in controversy is less than $75,000. "[A]ttorneys' fees should not be considered when determining the jurisdictional amount in controversy unless they are allowed for by statute or contract." *Rae v. Perry*, 392 Fed. App'x 753, 755 (11th Cir. 2010) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir. 2003) ("The general rule is that the attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract."); *see also*, *Hatem v. QBE Specialty Ins. Co.*, 2015 WL 11237647, *3 (S.D. Fla. Sep. 22, 2015) (Scola, J.) ("statutory entitlement to attorneys' fees may be included in the calculation of damages to compute the amount in controversy"). Defamation is a Florida common law claim, and the parties do not point to any statute or contract that would afford the Plaintiff her attorneys' fees. Thus, Taco Bell has failed to satisfy its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, and remand is appropriate.

### 4. Conclusion

In sum, the Court **grants** the Plaintiff Anyela Chirino's motion to remand the case (**ECF No. 9**). This case is **remanded** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk is instructed to **close** this case and take all necessary steps to ensure prompt remand and transfer of this file. All pending motions are denied as moot.

**Done and ordered** in chambers in Miami, Florida on April 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge